**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Michael Conroy**, 4417 Westerpool Circle, Columbus, Ohio 43228, | : : : Case No. : |
| Plaintiff, | : : Date filed: |
| vs. | : : |
| **PENN Entertainment, Inc.**, c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | : **JURY DEMAND ENDORSED HEREON** : : : : |
| Defendant | : |

## COMPLAINT

NOW COMES Plaintiff Michael Conroy ("Plaintiff") and proffers this Complaint for damages against PENN Entertainment, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Ohio Laws Against Discrimination, O.R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331 and §1343(4). This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the law of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because the Defendant is based in Franklin County, Ohio and Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio.

1

## PARTIES

3. This action is brought by Michael Conroy. At all times material herein, Plaintiff resided in the Southern District of Ohio and is a resident of Franklin County, Ohio.

4. Defendant PENN Entertainment, Inc. is a Pennsylvania corporation operating Hollywood Casino Columbus: 200 Georgesville Rd, Columbus, OH 43228. Defendant was Plaintiff's employer at all times material herein and has employed more than fifteen (15) people at all relevant times herein.

## FACTS

5. Plaintiff began his employment with Defendant in or around June 2022, as a Assistant Shift Manager of the Poker Room.

6. In or around January of 2023, Plaintiff was promoted to Shift Manager.

7. In or around October of 2023, Plaintiff was diagnosed with cancer. Plaintiff received a series of treatments starting on December 14, 2023.

8. On or about March 21, 2024, Plaintiff discussed his physical impairment that substantially limited his major life activities with his direct supervisor, Mr. Scott Frasier.

9. On or about May 31, 2024, Plaintiff returned to work.

10. On or about December 16, 2024, Plaintiff began chemotherapy and radiation treatment.

11. From January 17, 2025 to February 19, 2025, Plaintiff used continuous FMLA leave due to treatment complications. Plaintiff returned to work on or about February 20, 2025.

12. On March 17, 2025, Plaintiff tripped over a bag that had been left by a customer in

a walkway. Plaintiff filled out an accident report and left work early to get cleared by a medical professional.

13. On March 20, 2025, Plaintiff tripped over a section of carpet that had peeled off the floor. Human Resource representative Ms. Judi Bell and Mr. Frasier set a meeting with Plaintiff for later that same day. During this meeting, Ms. Bell remarked to Plaintiff that it must be unsightly for customers to see him talking through a tube. Ms. Bell was referring to Plaintiff's tracheotomy tube used to save Plaintiff's life in the event of an emergency. Ms. Bell then requested that Plaintiff cover the tube with a face mask. Ms. Bell asked Plaintiff whether he had trouble walking due to his medications and if he was capable of doing his job. Plaintiff was then placed on a Performance Improvement Plan (hereinafter "PIP").

14. Plaintiff received a copy of the PIP on or about March 29, 2025. The PIP only contained subjective platitudes regarding leadership qualities with only subjective performance metrics. The PIP required Ms. Bell and Mr. Frasier to meet with Plaintiff three times between March 29, 2025 and May 22, 2025.

15. Between March 29, 2025 and May 22, 2025, Mr. Frasier only met with Plaintiff once. Ms. Bell never met with Plaintiff. During Plaintiff's meeting with Mr. Frasier, Mr. Frasier vaguely reiterated the requirements on the PIP and that said that he would send Plaintiff specific criteria to work on. Plaintiff never received the criteria despite asking for it on three separate occasions.

16. On May 22, 2025, Plaintiff was terminated during a meeting with Ms. Bell and Mr. Frasier. Ms. Bell stated that Plaintiff failed to meet the expectations stated on the PIP. As Mr. Frasier walked Plaintiff out of the building, Mr. Frasier stated that Defendant would consider

reinstating Plaintiff if his condition improved.

17. In June 2025, Plaintiff filed a charge of discrimination with the EEOC and Ohio Civil Rights Commission. In the Charge, Plaintiff alleged that he had been discriminated against on the basis of his disability in violation of the ADA.

18. At all times material herein, Defendant acted willfully, maliciously and in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

19. As a direct and proximate result of Defendant's acts and omissions described herein, Plaintiff has suffered from substantial harm, including lost compensation, lost benefits, other economic losses and has suffered from severe emotional distress. Plaintiff expects to suffer emotional, economic, and other damages in the future.

20. Plaintiff filed charge of discrimination with the Equal Employment Opportunity Commission: Charge No. 532-2025-03782. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and Plaintiff's Complaint was filed within ninety (90) days of Plaintiff's receipt of the notice of right-to-sue letter from the Equal Employment Opportunity Commission, copy of which is appended hereto as Exhibit A.

## FIRST CAUSE OF ACTION

**(Disability Discrimination – Americans with Disabilities Act)**

21. All of the preceding paragraphs are realleged as if fully rewritten herein.

22. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

23. Plaintiff is an otherwise qualified individual.

24. Defendants knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

25. Plaintiff's disability made him substantially limited in his ability to perform several major life functions and/or Defendant perceived Plaintiff's medical condition substantially limited his ability to perform major life functions.

26. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

27. Defendant discriminated against Plaintiff because of his disability by discriminating against him in the terms, privileges, and conditions of employment.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

29. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Disability Discrimination – O.R.C. §4112.02)**

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. This claim is brought under Ohio law.

32. At all times relevant therein, Plaintiff was a qualified individual.

33. While in Defendant's employ, Plaintiff developed an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

34. While in Defendant's employ, Plaintiff developed a disability within the meaning of Section 4112.01(A)(13) of the Ohio Revised Code.

35. Defendant knew Plaintiff became disabled.

36. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability, and/or regarded Plaintiff as having an impairment limiting major life activities.

37. Plaintiff's disability caused him severe difficulties with working, and/or made him unable to work.

38. Defendant discriminated against Plaintiff because of his disability by discriminating against him in the terms, privileges, and conditions of employment.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

40. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that he be awarded back pay and benefits, reinstatement or front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, liquidated damages, attorneys' fees, expert witness fees and costs of this action, and any other relief which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*

6

        Greg R. Mansell (0085197)
        (Greg@MansellLawLLC.com)
        Carrie J. Dyer (0090539)
        (Carrie@MansellLawLLC.com)
        Rhiannon M. Herbert (0098737)
        (*Rhiannon@MansellLawLLC.com*)
        **Mansell Law, LLC**
        1457 S. High St
        Columbus, Ohio 43207
        Telephone: (614) 796-4325
        Fax: (614) 547-3614

        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of eight (8) persons.

        /s/ *Greg R. Mansell*
        Greg R. Mansell (0085197)